**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SMITH AND NEPHEW, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-cv-335-TJW-CE |
| | § | |
| ARTHREX, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**FINAL JUDGMENT**

This Order vacates the Court's prior Final Judgment (Dkt. No. 191).  This Order is the Final Judgment in this case.

The parties to this case selected a jury on February 1, 2010.  The trial commenced on February 8, 2010 and the jury reached its verdict on February 12, 2010.  Further, the Court held a full evidentiary hearing on the issue of a permanent injunction on March 29, 2010.  In accordance with the jury's verdict, the Court renders the following judgment:

The jury having determined that defendant Arthrex, Inc. ("Arthrex") infringed claim 8 of U.S. Patent No. 5,645,588 ("the '588 patent"); the jury having determined that Arthrex induced the infringement of asserted claim 8; the jury having failed to find that asserted claim 8 is invalid; it is ORDERED, ADJUDGED, AND DECREED that the plaintiff, Smith & Nephew, Inc. ("S&N"), have and recover from Arthrex Four Million, Seven Hundred Thirteen Thousand Dollars ($4,713,000) in actual damages.  The Court awards an additional Four Hundred Seventy Two Thousand, Six Hundred Sixty Seven Dollars ($472,667) in pre-judgment interest.  In calculating the pre-judgment interest, the Court deems that the actual damages award is what would have been payable to Plaintiff on the date of first infringement, October  2006.  The Court

calculates the pre-judgment interest rate consistent with the average ninety (90) day commercial paper rate, as established by the Federal Reserve Board, and uses this rate compounded on a yearly basis for the time period from October 2006 to the present date to calculate the pre-judgment interest award.  Thus, the total awarded is Five Million, One Hundred Eighty Five Thousand, Six Hundred Sixty Seven Dollars ($5,185,667).  The Plaintiff is the prevailing party in this litigation and the Court awards costs to the Plaintiff as the prevailing party.  The judgment shall bear interest at the lawful federal rate.

As agreed by the Defendant, the Court awards Plaintiff post-verdict supplemental damages in the amount of a reasonable royalty rate of 18% for all RetroButton sales from February 1, 2010 through the entry of this judgment, subject to pre-judgment interest.  After the Court rules on the post-judgment motions, the Court will enter an order directing Defendant to disclose data on its infringing sales occurring after February 1, 2010.  The Court denies Plaintiff's request to seek additional pre-verdict damages considered by the jury but not awarded by the jury.  The Court will not increase the jury's award of damages.  The Court will not substitute its judgment for the jury's own judgment as to the amount of damages to be awarded to the Plaintiff.  The Court will defer ruling on the issue of a permanent injunction until the post-judgment motions are complete.

All relief not expressly granted is DENIED.  This is the FINAL JUDGMENT.

IT IS SO ORDERED.

SIGNED this 31st day of March, 2010.

_T. John Ward_

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

2