IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SMITH AND NEPHEW, INC., § | |
|    *Plaintiff*, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 2:07-cv-335-TJW-CE |
| ARTHREX, INC., § | |
|    *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Smith and Nephew, Inc.'s ("Smith & Nephew's") contested bill of costs and memorandum of law in support thereof. [Dkt. Nos. 202 and 203.] For the following reasons, the Court GRANTS IN PART and DENIES IN PART Smith & Nephew's bill of costs.

**I.     BACKGROUND**

The Court entered a final judgment in this case on March 31, 2010 and awarded costs to the prevailing party, Smith & Nephew. [Dkt. No. 193.] On April 21, 2010 Smith & Nephew submitted its bill of costs. Defendant Arthrex, Inc. ("Arthrex") has agreed that it will not contest an award of costs for the following: fees of the clerk in the amount of $350.00, fees of the court reporter in the amount of $44,648.88, recoverable witness costs in the amount of $13,709.07, and fees for exemplification and the cost of copies in the amount of $31,549.02 ("the Uncontested Costs"). [*See* Dkt. No. 222.] The Uncontested Costs totals $90,256.97. Arthrex contests Smith & Nephew's request for an award of costs for the following: (1) process server fees in the amount of $2,017.40 and (2) audio/visual technical support in the amount of $38,120.00 ("the Contested Costs"). The Contested Costs totals $40,137.40.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as matter of course, unless the Court directs otherwise. However, the provisions of 28 U.S.C. § 1920 limit the Court's discretion in taxing costs against the unsuccessful litigant. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Although the prevailing party is entitled to its costs, the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent, and the prevailing party should not burden the Court with costs that are clearly not recoverable under the law. The statute permits the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A district court is permitted to decline to award costs listed in the statute, but may not award costs omitted from the statute. *See Crawford*, 482 U.S. at 441-42; *see also Halliburton Energy Services, Inc. v. M-I, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. 2007); *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 686 (E.D. Tex. 2007).

### III. DISCUSSION

The parties have agreed that Arthrex will pay the Uncontested Costs in the amount of $90,256.97. The Court will briefly address the Contested Costs.

#### A. Process Server Fees

Arthrex objects to Smith & Nephew's request to tax $2,017.40 in process server fees. Smith & Nephew's costs relate to a private process server, not a clerk or marshal. 28 U.S.C. § 1920(1) includes "[f]ees of the clerk and marshal" as taxable costs. In this district, "[p]rivate process server fees are not recoverable fees of the clerk and marshal under § 1920." *See Halliburton*, 244 F.R.D. at 372; *Maurice Mitchell*, 491 F. Supp. 2d at 686. Although Smith & Nephew has offered some evidence of other district courts in the Fifth Circuit recognizing private process server fees as recoverable costs in some circumstances, the Fifth Circuit has not addressed this issue directly. Smith & Nephew has offered no persuasive reasons why the Court should disregard opinions in this district not allowing such costs. Accordingly, this Court rejects Smith & Nephew's attempts to recover costs for a private process server.

#### B. Audio/Visual Technical Support

Arthrex objects to Smith & Nephew's request to tax $38,120.00 for audio and visual technical support. Smith & Nephew has offered some evidence of other courts in this district allowing, under the appropriate circumstances, such costs to be taxed. *See Finisar Corp. v. DIRECTV Group, Inc.*, No. 1:05-cv-264, 2006 WL 2699732, at *2 (E.D. Tex. Aug. 4, 2006) (finding costs of audio/video trial support recoverable). The Court finds that the requested audio/visual technical support costs are appropriate in this situation. *See id.* ("From the beginning the court stressed to all parties that they needed to agree upon an efficient method to

present the case. Both sides used professional trial technicians to present nearly every aspect of the case. The court deems the technology used at this trial necessary and reasonable.") This Court requires the parties to present their evidence at trial in a streamlined, orderly, and efficient manner. The use of technology support during trial, particularly in complicated cases such as this case, is an anticipated, useful, and necessary tool to assist in the efficient presentation of cases.

Smith & Nephew is not trying to recover all of its costs for all of the graphics technicians in the weeks leading up to and through trial totaling $55,287.50. Rather, Smith & Nephew seeks only a portion of the costs it spent on the professional graphics services in this case. The Court finds that the requested amount is necessary and reasonable under the circumstances. Accordingly, the Court grants Smith & Nephew's request for costs for audio/visual fees in the amount of $38,120.00.

## IV. CONCLUSION

The Court rejects Smith & Nephew's request for Arthrex to pay the costs of private process server fees. The Court orders Arthrex to pay an award of costs in the following amounts:

(1) Fees of Clerk in the amount of $350.00;

(2) Fees of the Court Reporter for the Trial and Claim Construction Hearing in the amount of $12,800.00;

(3) Fees of the Court Reporter for Depositions in the amount of $31,848.88;

(4) Recoverable Witness Costs in the amount of $13,709.07;

(5) Fees for exemplification and the cost of copies necessarily obtained for use in the case in the amount of $31,549 .02; and

(6) Audio/Visual Technical Support in the amount of $38,120.00;

for a total amount of $128,376.97.

IT IS SO ORDERED.

SIGNED this 15th day of June, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE